1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney

2

3  THOMAS A. COLTHURST (CABN 99493)
   Chief, Criminal Division

4  DANIEL N. KASSABIAN (CABN 215249)
   MAIA T. PEREZ (MABN 672328)

5  Assistant United States Attorneys

6     150 Almaden Boulevard, Suite 900
      San Jose, California 95113
7     Telephone: (408) 535-5051
      FAX: (408) 535-5081
8     daniel.kassabian@usdoj.gov

9  Attorneys for United States of America

10                UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

14  UNITED STATES OF AMERICA,            )   CASE NO. CR 21-71467 MAG
                                         )
15          Plaintiff,                   )   MEMORANDUM IN OPPOSITION TO
                                         )   MODIFICATION OF RELEASE CONDITIONS
16     v.                                )
                                         )
17  JORGE LUIS SOLORIO-MENDOZA,          )
                                         )
18          Defendant.                   )
    _____  )

19

20

21

22         Defendant Jorge Luis Solorio-Mendoza requests that this Court enter an order modifying the

23  terms of his pretrial release to permit him to travel throughout California and conduct overnight trips as

24  part of his employment with Roadies, Inc.  Given Defendant's serious drug trafficking history, the

25  government has concerns about this request, as such an order would enable Defendant to travel

26  throughout the entire state on overnight trips without supervision by his custodian or prior notification to

27  Pretrial Services.

28

I.    **BACKGROUND**

A.    **Solorio's Pending Drug Trafficking Case**

Defendant Jorge Luis Solorio Mendoza ("Defendant") and co-defendant Glendelia Faz conspired to distribute over 900 grams (approximately 2 lbs.) of methamphetamine out of the La Estrella Market in San Jose from July 10, 2020, to October 15, 2020.  They are charged by Criminal Complaint with Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing Methamphetamine in violation of 18 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(viii).

The significant acts in furtherance of that conspiracy are:

- On July 10, 2020, Ms. Faz sold 223.8 grams net (approximately a ½ lb.) of pure methamphetamine for $3,000 to a Confidential Source (CS) at La Estrella Market.  At that sale, Ms. Faz said she knew the "Valencia" drug cartel family in Michoacán, Mexico, and could supply whatever drug amount the CS desired.

- On July 21, 2020, Ms. Faz and Defendant sold 224.1 grams net (approximately another ½ lb.) of pure methamphetamine to the same CS for $2,800 at La Estrella Market.  At that time, Defendant advised the CS that Defendant sold black tar heroin and had a cousin in Corning, California, who could supply CS in that area.  Defendant was on active federal supervised release from a prior drug trafficking conviction at the time he made this sale.

- On August 31, 2020, Ms. Faz sold 224.1 grams net (approximately a ½ lb.) of pure methamphetamine to the CS for $2,400 at La Estrella Market.

- On September 23, 2020, the CS asked Ms. Faz for heroin.  She responded that they were having trouble smuggling it across the border.  Ms. Faz stated that Defendant was coming on Saturday (September 26) and asked if the CS could wait until his return.  Defendant's border crossing history shows that he traveled from Morelia, Mexico to San Jose on September 26, 2020.

- On October 15, 2020, Ms. Faz sold 276.0 grams gross (approximately another ½ lb.) of a substance that tested presumptively positive for methamphetamine to the CS for $2,000 at La Estrella Market (lab results are pending).  Leading up to this transaction, Ms. Faz offered to sell a full pound of methamphetamine for $3,800.  Ms. Faz also told CS that "he," (i.e., Defendant) and Defendant's supplier, always have a lot (of drugs), and Defendant confirmed to the CS that his

1    supplier always has "several."

2          On September 15, 2021, Drug Enforcement Agency (DEA) agents arrested Defendant in Delano,

3    California where he had moved a few weeks before.  No drugs or other contraband were found on him

4    or his home at that time.

5          The government moved for Defendant's pretrial detention in the Eastern District of California,

6    where Defendant was arrested.  Dkt 5:21-mj-00045-JLT.  In the prebail study, Pretrial Services

7    recommended against his release because, *inter alia*, (1) "the defendant was subject to a term of federal

8    supervised release, for selling narcotics, at the time of the alleged instant offense" and (2) "the defendant

9    and members of his family having alleged cartel connections to Mexico."  Following the full hearing,

10   that court ordered Defendant detained.  09/21/21 Detention Order [#9], at 2.

11         Defendant reopened his detention order before this Court.  On October 8, 2021, the Court

12   ordered Defendant released on a $150,000 bond secured by his sister's real property in Delano,

13   California, and ordered his sister, Maria Mendoza, to act as his custodian.  ECF 26.  On January 26,

14   2021, the Court modified Defendant's conditions by naming his wife, Michelle Cabrera, as his custodian

15   in place of his sister because Defendant had moved from his sister's residence to a residence with his

16   Ms. Cabrera.  ECF 44, 47.

17         **B.     Solorio's Prior Federal Drug Trafficking Conviction**

18         On November 28, 2014, Defendant was driving north on Interstate 5 in central California when

19   his vehicle was stopped by police and found to contain 11 vacuum sealed plastic bags secreted in a spare

20   tire in the car's trunk.  Within the 11 vacuum sealed bags was approximately 10.88 kilograms of 99.6%

21   pure methamphetamine.  Also found in Defendant's car were two cellphones, a receipt for eight gallons

22   of acetone (used to manufacture meth), and $1,176 in cash.  Defendant was released from state custody

23   the next day, and was then arrested by the DEA and charged in the Central District of California with

24   violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(viii) for possession with the intent to distribute

25   approximately 10.9 kilograms of a mixture and substance containing methamphetamine.  Dkt. No. 2:14-

26   cr-00642-GW, 10/29/14 Criminal Compl. [#1].

27         The Central District of California detained Defendant pending trial following an initial order of

28   detention by the magistrate judge and denial of bond on review by the District Court.  *See* 11/16/14

Order of Detention [#11]; 01/08/15 Minutes of Bond Review H'ing [#53].  The government's proffer of its proof (by submitted exhibits) in support of detention included the following:

- "At his initial appearance defendant indicated to Pretrial Services that he is a field worker earning $1,600 per month."

- "Transcription summaries of the Inmate Telephone Monitoring System ('ITMS') reveal[ed] defendant's attempt immediately after his arrest to destroy evidence linking him to the black Mercedes he was arrested in."

- "Home Depot security camera footage show[ed] defendant purchasing eight gallons of acetone - a finishing product in the manufacture of methamphetamine - three days before his arrest."

- "Defendant's three recent trips across the border to Mexico, each time in a different car."

- "Drug Enforcement Agency Reports of Investigation related to a Northern California investigation into the Jose Mendoza Drug Trafficking Organization with numerous references to defendant."

- "Numerous surveillance photographs from an October 19, 2010, Drug Enforcement Agency surveillance operation in San Jose, California, clearly showing defendant."

- "A 2010 Title III Wiretap Application related to the investigation of the Jose Mendoza Drug Trafficking Organization which lists defendant as an interceptee."

- "Testimony of Mike Robinson, Drug Enforcement Agency's Resident Agent in Charge ('RAC') of San Jose, that Librada Sanchez Magana is defendant's father and co-defendant in the 2010 Western District of Washington indictment, in direct contradiction to defendant's representations to Judge Hillman in open court that Librada Sanchez Magana is not his father."

- "Testimony of RAC Robinson that drug trafficking organizations often attempt to hide or fund the flight of their associates who are arrested with narcotics."

- "[T]he discovery of a secret compartment in defendant's black Mercedes."

- "[T]he criminal history of Glendelia Faz - a convicted drug trafficker, defendant's companion on his three recent trips across the border, and believed to be his aunt 'Glendy' who he asked to delete photos connecting him to the Mercedes . . . and photographs from defendant's Facebook page appearing to show him wearing tactical dress and posing with various luxury cars

1      apparently owned by his relatives. . . ."

2 U.S.'s Memo. Of P. & A. In Supp. Of Gov.'s Opp'n to Review of Detention as to Def. [#37], at 4-6.

3          **C.**     **Solorio's Request for Modification of Release Conditions**

4      Defendant requests that this Court enter an order modifying his conditions of release to allow

5 him to travel throughout the state of California for his employment at Roadies, Inc., a produce delivery

6 company.  ECF 57.  Based on discussion with Pretrial Services and defense counsel, the government

7 understands the following:

8        •    Defendant is dispatched to deliver produce in the Eastern, Northern, and Central Districts of

9            California, but not the Southern District of California.

10        •    Defendant at times conducts overnight trips as part of his employment.

11        •    Pretrial Services does not require prior notice of Defendant's travel or overnight trips.

12 **II.**    **ARGUMENT**

13      Defendant has a serious history of narcotics trafficking, including a conviction for transporting

14 nearly 11 kilograms of meth stashed in his vehicle while driving Interstate 5, the charges involving sale

15 of 900 grams of meth in the instant case, and further evidence that Defendant smuggled heroin from

16 Mexico.  Defendant was detained on pretrial release in his prior case, but continued trafficking

17 methamphetamine while on supervised release following his conviction.

18      In light of these facts, the government has significant concerns about Defendant's modification

19 request, which would allow him to move freely throughout the entire state of California, including

20 overnight trips, without the supervision of his custodian.  This Court modified Defendant's conditions in

21 January by naming his wife as his custodian in place of his sister, as Defendant moved from his sister's

22 residence to his wife's.  Defendant's proposal, which allows him to travel six days per week, including

23 overnights, essentially defeats the purpose of having a custodian at all.

24      This expansion also raises questions about Pretrial Services' ability to effectively supervise

25 Defendant, who presumably could be anywhere across California six days out of the week.  It is further

26 unclear why Defendant is requesting travel to the Southern District of California, which shares a border

27 with Mexico, when he does not travel there for work.

28

1    Defendant has not explained why his supervisory area must be modified when he is already

2  successfully employed by the company within his current area.  Nor has he articulated how his

3  employment would be impacted if this modification were not granted.

4    Expanding Defendant's geographical area from Eastern and Northern California to all of

5  California increases his freedom for work, but it also increases the risk that Defendant may be tempted

6  to reoffend or may be propositioned by individuals he has trafficked with in the past.  Given Defendant's

7  history and the nature of the charged offense, these risks are not justified and his request for

8  modification should be denied.

9

10  DATED:  June 13, 2022                                    Respectfully submitted,

11                                                          STEPHANIE M. HINDS
                                                            United States Attorney
12

13                                                          _____/s/_____
                                                            DANIEL N. KASSABIAN
14                                                          MAIA PEREZ
                                                            Assistant United States Attorneys
15

16

17

18

19

20

21

22

23

24

25

26

27

28